**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
GREENBELT DIVISION

|  |  |
|---|---|
| JAMES HAMMILL,<br><br>                Plaintiff,<br><br>v.<br><br>MITRE Corporation<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: _____<br><br>Removed from the Circuit Court for<br>Prince George's County, Maryland<br>Case No. CAE16-38555 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, the MITRE Corporation ("MITRE" or "Defendant") hereby removes this civil action (the "Action") from the Circuit Court for Prince George's County, Maryland under 28 U.S.C. §§ 1441, 1446 and 1332. The grounds for this removal are as follows:

1. Plaintiff James Hammill filed a Complaint on or about October 11, 2016, designated as Case No. CAE16-38555, in the Circuit Court for Prince George's County, MD. Plaintiff then filed an Amended Complaint on October 21, 2016. A true and correct copy of Plaintiff's Complaint and the operative, Amended Complaint are attached as **Exhibit A**. Pursuant to 28 U.S.C. §1446 (a), Exhibit A constitutes a copy of "all process, pleadings and order served" upon Defendant.

2. This Court has original jurisdiction over the Action on the basis of diversity jurisdiction. 28 U.S.C. §1332(a) provides, in pertinent part, that this Court has "original

36086546v.2

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

3.      Plaintiff is a resident of Glen Dale, MD, located in Prince George's County, MD. *See* Ex. 1, Am. Compl. at p. 1; Am. Compl. ¶ 20.  Therefore, Plaintiff is a citizen of Maryland for the purposes of establishing diversity jurisdiction.

4.      Defendant The MITRE Corporation is incorporated in the state of Delaware. *See* **Exhibit B**, Declaration of M. Tice at ¶ 3.  Defendant's principal places of business are located at 7515 Colshire Drive, McLean, VA 22102 and 202 Burlington Road in Bedford, MA 01730.  Id. at ¶ 4. Therefore, Defendant is a citizen of Delaware, Virginia and Massachusetts for the purposes of establishing diversity jurisdiction and complete diversity exists.

5.      In his Amended Complaint, Plaintiff asserts employment discrimination claims under Md. Code. Ann, STATE GOV'T, § 20-1202(b).  Am. Compl. ¶¶ 134, 145, 156.  That provision permits any person allegedly subjected to a discriminatory act under the Prince George's County Code to bring a civil action for "damages, injunctive relief, or other civil relief."  Md. Code. Ann, STATE GOV'T, § 20-1202(d) further permits the prevailing party in a civil action brought under that section to recover "reasonable attorney's fees, expert witness fees and costs."

6.      Plaintiff has not identified any specific amount of damages sought in his Amended Complaint, yet claims "*substantial* monetary and non-monetary damages." *See* Am. Compl. ¶¶ 143, 154, 166 (emphasis added); *see also* Am. Compl. at pp. 17-18 ("Prayer For Relief").

7.      For the purposes of removal, "[i]f… a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence

2

that the amount in controversy exceeds the jurisdictional minimum." *Momin v. Maggiemoo's Intern., L.L.C.*, 205 F. Supp. 2d 506, 509–10 (D. Md. 2002).

8.      In his Prayer for Relief, Plaintiff seeks "(a) reinstatement or, in lieu thereof, full front pay, stock options and benefits;…(b) [e]conomic damages for lost compensation and damages to [Plaintiff's] career, reputation, and earning capacity in an amount to be determined at trial but in excess of $10,000." Compl. at pp. 18 ("Prayer For Relief").[1]  In addition to those economic damages, Plaintiff also seeks, *inter alia*, "(c) compensatory damages, including but not limited to pain and suffering, emotional distress and reputational damage;…(d) punitive damages; [and] (e) …attorneys' fees…" Am. Compl. at p. 18 ("Prayer For Relief").

9.      With respect to his front pay and lost compensation claims, Plaintiff alleges that he was terminated from his employment with Defendant, effective June 9, 2016. Am. Compl. ¶ 132.  At the time of his termination, Plaintiff earned an annual salary of $133,620.00, which equates to a weekly salary of $2,569.61. *See* Exhibit B, Declaration of M. Tice at ¶ 5.

10.      As of December 8, 2016, 26 weeks have passed since Plaintiff's termination. Accordingly, his claim for "lost compensation" amounted to $66,809.86 in back pay alone at that

---

[1] Plaintiff's Amended Complaint fails to conform the Md. Rule 2-305 (2016), which states in pertinent part that "[u]nless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000." Plaintiff's claim for a money judgment does not comply with the Maryland Rules, and Plaintiff should not be rewarded for this apparent effort to evade removal through non-compliance with the applicable rules. *See Brennan v. Stevenson*, Case No. JKB-15-2931, 2015 WL 7454109, at *4 (D. Md. Nov. 24, 2015) (treating an improperly pled claim for relief "in excess of $70,000" as a floor for requested damages, rather than a specific monetary claim for relief and "proceeding to consider whether Defendants have shown, by a preponderance of the evidence, that the amount in controversy is at least $5,000.01 greater than that floor.")

time, and continues to accrue.[2] Consequently, when considering both back pay and front pay, Plaintiff's claim for "lost compensation" is independently sufficient to establish an amount in controversy in excess of $75,000.

11.    In addition to the alleged economic damages for lost compensation, Plaintiff seeks attorney's fees as part of the relief in this case.  The statute creating the cause of action under which Plaintiff seeks relief provides for the recovery of reasonable attorney's fees to the prevailing party.  Therefore, it is proper to consider potential attorney's fees as part of the amount of controversy for jurisdictional purposes.  *Williams v. Bank of New York Mellon*, Case No. CCB-13-680, 2013 WL 2422895, at *3 (D. Md. June 3, 2013) ("[w]hen Maryland law permits recovery of attorneys' fees, '[p]otential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold.'")

12.    When evaluating attorney's fees as part of the amount in controversy prerequisite for diversity jurisdiction, the Court may draw on "experience and common sense" to determine that Plaintiff has, or at a minimum, will incur reasonable attorney's fees in excess of the $8,190.15 required to meet the jurisdictional threshold in this case after consideration of Plaintiff's "lost compensation" claim to date.  *Williams*, Case No. CCB-13-680, 2013 WL 2422895, at *3 (finding that a reasonable estimate of attorney's fees would exceed $10,000, the difference between the $65,000 in damages claimed in the complaint and the $75,000 jurisdictional requirement, and accordingly denying plaintiff's motion to remand); *see also*

---

[2] "[I]n the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal." *Depasquale v. SW Linear Investment Group, LLC*, Case No. ELH-15-00158, 2015 WL 575419, at *1 (D. Md. Feb. 10, 2015) (citing *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction [is] fixed at the time ... [the] notice of removal is filed."))

4

36086546v.2

*Francis v. Allstate Ins. Co.,* 869 F. Supp. 2d 670 (D. MD. 2012), *aff'd,* 709 F.3d 362 (4th Cir. 2013) (finding that "[t]he potential attorneys' fees in this action and the costs of defending Towers's tort suit exceed $75,000. When Allstate removed this action, the Plaintiffs had incurred $66,347 in attorneys' fees in the underlying tort action, which was resolved by summary judgment. Experience and common sense suggest that the Plaintiffs' attorneys' fees in this case will exceed $8,653—the difference between $75,000 and the $66,347 the Plaintiffs spent in Towers's lawsuit," and denying motion to remand); *see also Baron v. Directv, LLC,* Case No. JKB-16-3145, 2016 WL 6078263, at *2 (D. Md. Oct. 17, 2016) (indicating that when considering a motion to remand a claim that included attorney's fees, "[a]t this point, of course, it is unknown what those fees might be, but it would be reasonable to infer they would amount to several thousand dollars.")

13.    In recent determinations of fee petitions submitted by the Employment Law Group in other employment matters, this Court has awarded fees at an hourly rate of $400 per hour for R. Scott Oswald and $200 per hour for associate time. *See Randolph v. PowerComm Construction, Inc.,* Case No. GJH-13-1696, 2016 WL 6462167, at *5 (D. Md. Oct. 31, 2016) ("The Court will apply an hourly rate of $400 for Mr. Oswald throughout the entire case.... Likewise, the Court will apply an hourly rate of $200 for Plaintiffs' associate attorneys.) Thus, Mr. Oswald would have to spend only 20.5 hours total on this case (or Mr. Harrington would have to spend only 41 hours total on this case) to exceed the jurisdictional amount in controversy requirement.

14.    Plaintiff's counsel has, *inter alia,* already prepared an attorney demand letter, filed a charge with the Prince Georges County Commission, prepared a 166-count complaint and an amended complaint to date. *See* Exhibit A; *see also* Am. Compl. ¶17.  Accordingly, when

36086546v.2

the Court draws on its common sense and experience regarding the litigation of employment discrimination claims, the Court may reasonably estimate that the attorneys' fees in this case have, or will, exceed the $8,190.15 difference between Plaintiff's lost compensation claim as of the time of removal and the jurisdictional threshold.

15. Therefore, Defendant has shown by a preponderance of the evidence that the amount in controversy requirements has been met even before consideration of compensatory damages for emotional distress and punitive damages, both of which should also be considered in determining the amount of controversy.[3] *See R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F.App'x 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages")). Proper consideration of these elements of damages only further confirms that the amount in controversy exceeds $75,000 and diversity jurisdiction exists. *See Traylor v. Tropicana Products, Inc.*, Case No. 12-cv-1435-AW, 2012 WL 2564817, at *1 (D. Md. June 29, 2012) ("The Court agrees that Plaintiff's request for, *inter alia*, punitive damages suffices to bump up the $74,950 amount by at least the nominal $50.01 needed to cross the $75,000 threshold."); *Mudd v. Comcast of Maryland, LLC*, Case No. PWG-14-2310, 2015 WL 773017, at *5 (D. Md. Feb. 23, 2015) (noting that "Plaintiffs seek $74,500 in compensatory damages, as well as punitive damages" in finding that the jurisdictional requirement is met and denying motion to remand).

16. As demonstrated herein, the claim brought by Mr. Hammill against Defendant satisfies the complete diversity and amount in controversy requirements of 28 U.S.C. §1332.

---

[3] In support of these claims for emotional distress and punitive damages, Plaintiff contends that he was subjected to discrimination, harassment and retaliation due to a physical handicap and age over the course of a year. Am. Compl. ¶¶ 3, 88, 99, 105.

36086546v.2

Therefore, the Court has original jurisdiction over Mr. Hammill's claim based on diversity jurisdiction.

17.     Defendant received the Summons and Complaint on November 10, 2016. Therefore, Defendant removed this Action within 30 days of receipt of the Complaint and the removal is timely under 28 U.S.C. § 1446(b).

18.     Venue is proper in this Court under  28 U.S.C. § 1441(a) as the United States District Court for the District of Maryland is the district court embracing the Circuit Court for Prince George's County, Maryland.

19.     Notice of the filing of this removal has been provided to all adverse parties and the clerk of the Circuit Court for Prince George's County, Maryland in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal being filed with the Circuit Court for Prince George's County, Maryland is attached hereto as **Exhibit C.**

20.     Defendant reserves the right to assert additional support for this removal in the event that Plaintiff amends the pleading or move to remand the Action.

WHEREFORE, Defendant hereby removes this Action pending in the Circuit Court for Prince George's County, Maryland to this honorable Court.

December 9, 2016                                    Respectfully submitted,

The MITRE Corporation

Raymond C. Baldwin, #25449
Christine M. Costantino, #28582
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004
(202) 463-2400 (telephone)
(202) 828-5393 (fax)
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

7

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal was served by First-Class mail, postage prepaid, this 9th day of December 2016 upon:

R. Scott Oswald
John T. Harrington
The Employment Law Group, P.C.
888 17th St. NW, 9th Floor
Washington, D.C. 20006
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com

*Counsel for the Plaintiff*

I also certify that I have caused a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court for Prince George's County, Maryland in accordance with 28 U.S.C. § 1446(d) and have filed herewith all process, pleadings, and orders served upon or by Defendant pursuant to 28 U.S.C. § 1446(a).

Christine M. Costantino

8